UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISHAL,<br><br>                    Petitioner,<br><br>         v.<br><br>FERETI SEMAIA, *et al.*,<br><br>                    Respondents. | Case No. 5:26-cv-00315-FLA (JDE)<br><br>**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [DKT. 5]** |

## RULING

On January 23, 2026, Petitioner Vishal ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, challenging his immigration detention as a violation of the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, the Administrative Procedure Act, and applicable federal regulations.  Dkt. 1.  On January 28, 2026, Petitioner filed the subject Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"), requesting the court order his immediate release from Respondents' custody during the pendency of these proceedings, without requiring bond or electronic monitoring, and enjoin Respondents from re-arresting or re-detaining

1

Petitioner absent compliance with constitutional protections and its own longstanding policies. Dkt. 5 at 1–2, 17–18.

On January 30, 2026, the court issued an Order setting a briefing schedule on the subject Motion, and set February 6, 2026, as Respondents' deadline to file a response to the Motion. Dkt. 5. The Order was served on Respondents electronically through the standard e-mail addresses maintained by the United States Department of Justice for *habeas* matters. To date, Respondents have not filed a Response to the Motion or requested additional time to respond. Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion …."

The court DEEMS Respondents' failure to file a timely Response as consent to the granting of the Motion and ORDERS Respondents to:

(1) release Petitioner from custody immediately;

(2) return all property to Petitioner that was confiscated from him when he was arrested and processed into detention; and

(3) file a statement with the court within one business day of Petitioner's release, attesting to Respondents' compliance with this Order.

Respondents are preliminarily ENJOINED from re-arresting or re-detaining Petitioner during the pendency of the subject *habeas* action absent express authorization by this court. The court exercises its discretion and waives the posting of a bond. *See* Fed. R. Civ. P. 65(c).

IT IS SO ORDERED.

Dated: February 23, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge